UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>V.        )<br>)<br>)<br>TONY CAESAR       )<br>   Defendant     ) | CR. NO. 25-109(ABJ) |

## TONY CAESAR'S MOTION TO REOPEN HIS DETENTION HEARING FOR REVIEW/REVOCATION OF DETENTION ORDER AND FOR PLACEMENT IN THE HIGH INTENSITY SUPERVISION PROGRAM

**COMES NOW**, TONY CAESAR, defendant, through undersigned counsel Dwight E. Crawley, pursuant to 18 U.SC. § 3142 (f) and 18 U.S.C. §3145(b) and respectfully requests that this Honorable Court reopen this matter for a detention hearing based upon the defendant's assertion that there are conditions of release that will reasonably assure his appearance at future hearings and protect the safety of any other person and the community. Since his original hearing concerning this matter, the defendant has found two suitable third-party custodians that can provide him with a place to live and monitor his behavior during the pendency of this case. As such, he wishes to be considered for the High Intensity Supervision Program (H.I.S.P).

## BACKGROUND

1. Mr. Caesar is charged with multiple crimes involving robbery and brandishing a firearm during a crime of violence. (See indictment at docket entry #1).

2. The matter was called for a detention hearing on April 24, 2025, before the Honorable Magistrate Judge Sharbaugh. At the time of the hearing, Mr. Caesar did not challenge his

detention. Rather, because he did not have a suitable third-party custodian to live with, he consented to detention and waived his right to have the magistrate court make factual findings concerning his detention. He reserved his right to seek his release before this court.

## **FACTORS TO BE CONSIDERED**

Title 18 U.S.C. §3142(g) specifies the factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person at trial as well as provide for the safety of the community. Those factors are:

(1) The nature and circumstances of the offense charged including whether the offense is a crime of violence or involves a narcotic drug.

(2) The weight of the evidence against the person.

(3) The history and characteristics of the person—
  i. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  ii. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release while pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## **ARGUMENT**

Counsel and the defendant have reviewed the government's memorandum in support of

detention. He is aware of all the factors outlined by the government concerning its position that there are no conditions of release that will reasonably assure the defendant's appearance at future hearings and protect the safety of any other person and the community if the defendant is released. However, the defendant believes there are conditions of release that would reasonably assure his appearance as well as protect others and the community. The defendant maintains that the High Intensity Supervision Program (H.I.S.P.) would address any concerns expressed by the government by allowing him to live with an approved third-party custodian on home incarceration with 24-hour electronic monitoring. This would protect the community by allowing this court and Pre-trial Services to establish strict rules regarding the defendant's contact with others as well as allowing Pre-trial the ability to constantly monitor his location. It would prevent the defendant from traveling outside of his designated residence without prior approval from the court or Pre-Trial Services. In addition, the third-party custodian would be responsible for reporting any non-compliance. Failure to do so would likely result in severe consequences for the custodian(s). The defendant has provided the names of two individuals that are willing to serve as his custodian. They have been screened and deemed eligible by Pre-trial Services.

**WHEREFORE**, counsel respectfully requests that this court grant Mr. Caesar's motion to reopen this matter for a detention hearing to determine whether there are suitable conditions of release that will reasonably assure his appearance at future hearings and protect the safety of any other person and the community if he is placed in the High Intensity Supervision Program.

        Respectfully submitted.
        TONY CAESAR

        /s/
        _____
        Dwight E. Crawley, Esq.
        DC BAR #472672
        Attorney for TONY CAESAR

Law Office of Dwight E. Crawley
1300 I. Street, NW
Suite 400E
Washington, DC 20005
(202) 580-9794 Phone
(888) 804-1806 Fax
vadclawyer@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record.

/s/
_____
Dwight E. Crawley, Esq.
DC BAR #472672
Attorney for TONY CAESAR
Law Office of Dwight E. Crawley
1300 I. Street, NW
Suite 400E
Washington, DC 20005
(202) 580-9794 Phone
(888) 804-1806 Fax
vadclawyer@gmail.com